UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------x
                                          :
RUBEN RIVERA,                             :
                                          :
                      Plaintiff,          :      12 Civ. 1331 (TPG)
                                          :
          – against –                     :      OPINION
                                          :
SHERREL JONES, civilian cook; DORA        :
SCHRIRO, Commissioner of NYC DOC, et      :
al.,                                      :
                                          :
                      Defendants.         :
------------------------------------------x
```

Pro se plaintiff Ruben Rivera brings this action under 42 U.S.C.

§ 1983 against Sherrel Jones, a civilian cook, and Dora Schriro,

Commissioner of the New York City Department of Correction ("DOC"),

seeking damages and injunctive relief for alleged violations of his

constitutional rights.  Rivera alleges that defendants denied him Kosher

meals and, consequently, denied him the opportunity to exercise his

religious beliefs during Chanukah.

Defendants now move to dismiss the case pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure on the grounds that: 1)

Rivera failed to exhaust his administrative remedies, and 2) Rivera fails

to state a Monell claim against Schriro, whom he has sued in her official

capacity.

Rivera has failed to respond to the motion to dismiss.

For the following reasons, defendants' motion to dismiss is granted.

## Background

Rivera alleges that since November 8, 2011, while he was incarcerated at the Manhattan Detention Center ("MDC"), Jones has refused to provide him with kosher meals.  As a result, Rivera claims that he was unable to exercise his religious beliefs during Chanukah.  Rivera also claims that Jones' actions caused him to lose fifteen pounds, experience difficulty concentrating, and suffer mental anguish and insomnia.

Rivera alleges that he filed a grievance at the MDC, "made contact" with Warden Colon, and spoke with the MDC's rabbi.  However, none of these steps resolved the issue to Rivera's satisfaction.  As a result of these alleged actions, Rivera seeks money damages in the amount of $500,000, injunctive relief, and the appointment of a full-time rabbi at the MDC.

## Discussion

### A. Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).  In deciding such a motion, the court must accept as true the facts alleged in the complaint,

but it should not assume the truth of its legal conclusions.  Iqbal, 556

U.S. at 678-79.  Notwithstanding the heightened pleading standards

created by Iqbal and Twombly, the court must draw all reasonable

inferences in the plaintiff's favor and must provide pro se plaintiffs a

particularly liberal reading.  Lopez v. Jet Blue Airways, 662 F.3d 593,

596 (2d Cir. 2011).  When considering pro se complaints, the court

should only dismiss for failure to state a claim "if it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief."  Estelle v. Gamble, 429 U.S. 97, 106

(1976).

### B. Exhaustion

Under the Prison Litigation Reform Act ("PLRA"), a prisoner must

exhaust all available administrative remedies before bringing a federal

action regarding prison conditions. 42 U.S.C. § 1997e.  DOC has a four-

step grievance process known as the Inmate Grievance Resolution

Program ("IGRP").  First, an inmate must submit his grievance to the

Inmate Grievance Resolution Committee ("IGRC").  If no resolution is

reached within five days of the submission or if the inmate disagrees with

the resolution, the inmate can request a hearing.  Second, if the inmate

still feels aggrieved, he can appeal to the Warden of his facility.  Third,

the inmate can appeal an adverse decision by the Warden to the Central

Office Review Committee ("CORC").  Finally, the inmate can appeal

CORC's decision to the New York City Board of Correction ("Board").

A prisoner is required to proceed through each step of the review process even if he receives no response from prison officials at one step in the process.  See Reuben v. NYC Dep't of Corr., 11 Civ. 378, 2011 WL 5022928 (S.D.N.Y. Oct. 18, 2011); George v. Morrison-Warden, 06 Civ. 3188, 2007 WL 1686321 (S.D.N.Y. June 11, 2007).  However, "inmates are not required to specifically plead or demonstrate exhaustion in their complaints," because the failure to exhaust is an affirmative defense. Jones v. Bock, 549 U.S. 199, 216 (2007).  Thus, the court should only dismiss for failure to exhaust when that failure appears on the face of the complaint.  Id. at 215.

Here it is undisputed that the complaint properly alleges that Rivera satisfied the first step by submitting a grievance.  Rivera also claims he spoke with the MDC rabbi and "made contact" with Warden Colon.  However, Rivera does not claim that he filed any appeal with CORC or the Board, and thus Rivera's failure to exhaust all available administrative remedies appears on the face of the complaint. Additionally, Rivera does not present grounds for the court to excuse his failure to formally exhaust because he does not allege that correction officers in any way interfered with his efforts to pursue his claim.  See O'Connor v. Featherston, 01 Civ. 3251, 2002 WL 818085 (S.D.N.Y. April 29, 2002).

## C. Additional Grounds for Dismissal

Defendants also move to dismiss the complaint against Schriro on the grounds that Rivera does not properly allege a <u>Monell</u> claim.   Given that Rivera's failure to exhaust all available administrative remedies presents adequate grounds for dismissal, the court need not reach this additional argument.

## Conclusion

For the reasons stated above, Defendants' motion to dismiss is granted.  This order resolves the motion located at Doc. No. 31.

SO ORDERED.

Dated: New York, New York
       September  16, 2013

Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/16/2013

- 5 -